FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

APR  8 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL E. CLARK, | :: | CIVIL ACTION NO. |
| Hall County Inmate # 368692, | :: | 2:10-CV-00169-RWS |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| CAPT. BANDY, LT. MCNEAL, | :: | PRISONER CIVIL RIGHTS |
| LT. CLEVELAND, SGT. MILLER, | :: | 42 U.S.C. § 1983 |
| RN ROBIN SEYMORE, | :: | |
| NURSE JODY, SGT. BAINES, | :: | |
| SGT. AYERS, LT. MUSTACHIO, | :: | |
| C.O. CAPE, C.O. PALMER, | :: | |
|     Defendants. | :: | |

## ORDER AND OPINION

Now before the court is Plaintiff Samuel E. Clark's *pro se* 42 U.S.C. § 1983

civil rights complaint [1]. Clark is an inmate at the Hall County Detention Center

(HCDC) in Gainesville, Georgia. He has been granted *in forma pauperis* status [5].

### I.      The Legal Framework

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening

of a prisoner complaint seeking redress from a governmental entity, or from an officer

or employee of such an entity, to determine whether the complaint (1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief. A complaint is

frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that *Twombly* "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003).

## II.   The Complaint

Clark sets forth the following allegations against the eleven named Defendants. From at least May 20, 2010, until the end of August 2010, he complained to HCDC officials repeatedly about the excessive heat in his cell and its potentially life-threatening effects on his asthma.  He was told more than once that HCDC officials were "aware of the issue." (*See Compl.* at 7.)[1] He also complained about his inability to obtain a functioning "Albuterol pump" for his asthma. Nurses Seymore and Jody, after determining that his oxygen level "was up," told him that there was nothing they could do to help him because it was HCDC policy that he "would have to wait until [he] had an asthma attack to get a pump." (*Id.* at 4.)

---

[1] This order uses the CM/ECF page numbers rather than Clark's own.

Clark claimed that at times "it felt like [he] was being suffocated, or that [he] was trying to breath[e] inside of a plastic bag." (Id.) On one occasion, he was having "trouble breathing and had started vomiting due to the heat in [his] cell." (Id.) On another occasion, he told C.O. Cape that he was feeling light headed and might pass out, and Cape told him "to go ahead and pass out and he would drag [Clark] to medical." (Id. at 6.) On a third occasion, he woke from his sleep "choking and gagging for air," but he got no response when he repeatedly pressed the medical emergency call button in his cell. (Id. at 7-8.) Clark states that Captain Bandy, while making rounds on July 29, 2010, promised him a new asthma inhaler, over the objections of Lt. Mustachio, but Captain Bandy never delivered on that promise. (Id. at 8-9.)

With respect to the remaining six Defendants – Lt. McNeal, Lt. Cleveland, Sgt. Miller, Sgt. Baines, Sgt. Ayers, and C.O. Palmer – Clark alleges only that they were involved in answering the many grievances he filed at the HCDC regarding his breathing difficulties. (See id. at 3-11.) Clark notes that when he informed HCDC staff that he "might hurt someone" due to his elevated stress levels, Lt. McNeal "immediately" sent C.O. Mount to speak with him. (Id. at 11.) Clark also notes that rain runs "down the wall like it [is] actually raining inside [his] cell." (Id. at 10.) He

4

seeks a "full investigation into all claims" and whatever other relief is legally possible

to show the Defendants "the error of their ways." (*Id.* at 4.)

## III.   Discussion

### A.   Conditions of Confinement – Excessive Heat

For there to be a violation of the Eighth Amendment constituting cruel and

unusual punishment, "[f]irst, there must be, objectively speaking, conduct by public

officials sufficiently serious to constitute a cruel or unusual deprivation–one denying

the minimal civilized measure of life's necessities. Second, there must be a subjective

intent by the public officials involved to use the sufficiently serious deprivation in

order to punish." *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations

and internal quotations omitted). "[R]outine discomfort is part of the penalty that

criminal offenders pay for their offenses against society," so that "extreme

deprivations are required to make out a conditions-of-confinement claim." *Hudson v.*

*McMillian*, 503 U.S. 1, 9 (1992) (internal quotations omitted). *See also Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991) (noting that "[t]he Constitution . . . does not mandate

comfortable prisons") (internal quotations omitted). Nevertheless, in order to prevail

on an Eighth Amendment challenge to his conditions of confinement, a prisoner "need

not await a tragic event before seeking relief, [but] he must at the very least show that

5

a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation and internal quotations omitted). However, "'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* at 1295 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). *See also Farmer,* 511 U.S. at 847 (holding that, to be found liable, prison official must disregard known "substantial risk of serious harm" to inmates "by failing to take reasonable measures to abate it").

With respect to Clark's specific claims regarding the heat and lack of breathable air in his cell, the Eleventh Circuit has stated that "a prisoner may state an Eighth Amendment claim by alleging a deficiency in *either* ventilation *or* cooling *or* both." *Chandler*, 379 F.3d at 1295; *see also McGee v. Barrett*, No. 1:04-CV-2303-TCB, 2007 U.S. Dist. LEXIS 44311, at *36-40 (N.D. Ga. June 19, 2007) (concluding that "[p]laintiff's version of events creates, at a minimum, a genuine issue of material fact as to whether the excessive heat and humidity at the Jail rose to the level of a

6

constitutional violation," although also concluding that defendant was protected from liability by qualified immunity because her involvement in the alleged violation ended before *Chandler* was published). Based on Clark's allegations, including his assertion that he informed numerous HCDC officials of his breathing problems, the Court cannot at this time conclude that he has not met the *Iqbal* pleading standard for his conditions-of-confinement claim regarding excessive heat and lack of ventilation in his cell.

**B.      Deliberate Indifference to a Serious Medical Need – Asthma**

The Eighth Amendment also prohibits deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To establish deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003). A plaintiff may establish a prison official's deliberate indifference by showing that the official failed or refused to provide care for a serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). *See Hill*, 40 F.3d at 1187

7

(stating that "[d]elay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain") (citation and internal quotations omitted).

The Eleventh Circuit has identified chronic asthma as a serious medical need. *See Danley v. Allen*, 540 F.3d 1298, 1311 (11th Cir. 2008) (noting that "[i]n *Adams v. Poag*, 61 F.3d 1537[, 1539-40, 1543] (11th Cir. 1995), we stated that a prisoner's chronic asthma, which resulted in frequent asthma attacks, constituted a serious medical need," and that plaintiff's "allegations about his inability to breathe and his bronchospasms essentially describe an asthma attack" (citing "1 J. E. Schmidt, M.D., *Attorneys' Dictionary of Medicine and Word Finder* A-572 (Matthew Bender & Co., Inc. 2007) (defining 'asthma' as '[a] condition characterized by recurring attacks of dypsnea (shortness of breath), a feeling of pressure on the chest, wheezing, cough, fear, etc.')"), *questioned on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). As noted above, everyone at the HCDC who dealt with Clark knew of his condition. Therefore, for the purpose of preliminary review, Clark has alleged sufficient facts to allow his deliberate indifference claim to proceed.

AO 72A
(Rev.8/82)

### C.     Grievance Procedure Responses

A prison official's mere participation in a grievance procedure – for example, by denying a prisoner's grievance – is not actionable under § 1983. *See, e.g., Wilson v. Vannatta*, 291 F. Supp. 2d 811, 818-19 (N.D. Ind. 2003) (no claim stated against official who reviewed inmate appeal because official had no personal involvement in alleged Eighth Amendment violations); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (prison superintendent's denial of plaintiff's grievance appeal was insufficient to establish personal involvement in alleged Eighth Amendment violations). *See also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (affirming dismissal of § 1983 due process claims because prison officials' failure "to take corrective action upon the filing of [plaintiff's] administrative appeal at the institutional level did not amount to a violation of due process"); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (stating that "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"); *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989) (implying, without holding explicitly, that a state prisoner has "no entitlement to a [prison] grievance procedure under the Federal Constitution"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)

(holding that there "is no legitimate claim of entitlement to a grievance procedure" and, therefore, no protectable liberty interest in any such procedure). Accordingly, those six Defendants whose only involvement with Clark was to respond to, and deny, his prison grievances will be dismissed from this action.

## IV.    Disposition of the Claims

For the foregoing reasons, this Court finds that Clark has alleged viable causes of action under § 1983 based on excessive heat and inadequate ventilation in his cell at the HCDC and deliberate indifference to a serious medical need. Accordingly, these claims are **ALLOWED TO PROCEED** as in any other civil action against Capt. Bandy, Lt. Mustachio, C.O. Cape, and Nurses Seymore and Judy. However, Clark has not stated a claim for relief against the remaining Defendants – Lt. McNeal, Lt. Cleveland, Sgt. Miller, Sgt. Baines, Sgt. Ayers, and C.O. Palmer – who **ARE DISMISSED** from this action.

## V.    Service of Process and Related Matters

The Clerk **SHALL** send Clark a USM 285 form and summons for each remaining Defendant – Capt. Bandy, Lt. Mustachio, C.O. Cape, and Nurses Seymore and Judy. Clark **SHALL** complete a USM 285 form and summons for each Defendant and return the forms to the Clerk of Court within twenty (20) days of the entry date of

10

this Order. Clark is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Clark fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for each Defendant for whom Clark has completed a USM 285 form. The service waiver package must include, for each such Defendant, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for each such Defendant, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

11

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for each such Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Clark **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Clark also **SHALL** keep the Court and each Defendant advised of his current address at all times during the pendency of this action. Clark is admonished that the failure to do so may result in the dismissal of this action.

Prisoner civil rights cases are automatically assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after a defendant's first appearance by answer, file a motion requesting a discovery period.

**IT IS SO ORDERED** this *7th* day of *April*, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13